RECEIVED
OCT 1 5 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DEVY FOSTER

VERSUS

WAL-MART LOUISIANA, LLC

CIVIL ACTION NO. 1:17-00656

JUDGE DEE D. DRELL
MAG. JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Before the court are two motions *in limine* filed by the defendant, Wal-Mart Louisiana, LLC's. Wal-Mart's first motion is a Daubert motion (Doc. 54) which seeks to exclude the testimony of plaintiffs' expert witness, Russell Kendzior, and the second is a motion to exclude various evidence and argument at trial (Doc. 61).

Daubert Motion

Wal-Mart seeks to exclude Kendzior from testifying under Federal Rule of Evidence 702 because Kendzior's testimony will not "help the trier of fact to understand the evidence or determine a fact in issue...." We agree.

An expert may offer an opinion [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. The rule has been interpreted to "permit expert opinion even if the matter is within the competence of the jurors if specialized knowledge will be helpful, as it maybe in particular situations. U.S. v. Wiley, 57 F.3d 1374 (5th Cir.1995), citing 1 *McCormick on Evidence* §13 at 54 (1992) (footnote omitted). Ms. Foster has not sufficiently explained how Kendzior's testimony will assist the jury in understanding the standards of care. Though she states he will testify regarding the following:

1. "Why the unreasonably dangerous condition was allowed to be present.
2. For many years the retail industry itself has recognized this as an unreasonably dangerous condition.
3. There are widely recognized "proper methods" to address and prevent this type of unreasonably dangerous condition."
4. These "proper methods" consist of reasonable means to eliminate or reduce the unreasonably dangerous condition, AND
5. The defendant did not address the unreasonably dangerous condition the right way.

none of these questions requires specialized knowledge to answer.

The instant lawsuit is a standard slip and fall tort case. According to Ms. Foster, August 2016 was a particularly rainy month. On the day she visited her local Wal-Mart, August 12, 2016, three inches of rain fell. Due to a roof leak, a puddle of water accumulated in a well traversed area. Though employees were nearby, no one marked the area as wet nor made attempts to dry the floor. Thus, as she made her way through, she slipped in the water, fell, and injured herself. These alleged facts alone answer much of the questions Ms. Foster wants her expert to answer. The questions that are not answered can be by exercising common sense. There are no facts, nor anything contained in either Wal-Mart's procedures or the standard practices outlined by the American Society of Testing and Materials, that the jury needs assistance interpreting.

Additionally, the jury instructions that will be provided at the close of evidence furnish the jurors with sufficient guidance regarding the consideration of these factors. As such, enhancement by an expert witness is not necessary and Russell Kendzior is excluded from testifying as an expert witness at trial.

<u>Exclusion of a Specific Damage Award</u>

Wal-Mart's motion to exclude Ms. Foster from specifying a damage award at trial because she failed to provide that information in her initial discovery responses or amended responses as required under Rule 26(a) is denied. Wal-Mart has shown no prejudice nor inability to evaluate

the damage claims in this, typical, slip and fall case. We are loath to prevent this from being a jury determined issue under the circumstances.

Exclude Future Medical Expenses

As Ms. Foster is not seeking future medical expenses, this request is denied as moot.

Exclude Testimony Regarding Statements from Medical Providers

Wal-Mart seeks to prevent Ms. Foster from testifying about what her doctors told her about her condition. Specifically, Wal-Mart seeks to exclude evidence and testimony regarding unsubstantiated diagnoses. This request is generally denied at this time as the court cannot assess the context of the testimony until trial. Obviously, to the extent the statements of her doctors would be hearsay, such testimony would be excluded. Still, Ms. Foster would not be precluded from describing her symptoms and pain. Any further rulings on the evidence are suspended until trial.

Exclude Wal-Mart's Size, Wealth or Ability to Pay a Verdict

This request is granted as Ms. Foster has expressed no opposition.

Exclude References to "Send a Message" or Acting as the "Conscience of the Community"

The court reserves ruling until trial on this request as the context of the statements are unknown. However, to the extent Ms. Foster seeks to inflame the jury and/or obtain a damage award that is punitive in nature, the request is granted.

Exclude Reference to Plaintiffs as Victims

Again, the court reserves ruling until the time of trial. Counsel is cautioned that all parties must be referred to by proper name, not first names nor nicknames.

Reference to Court's Denial of Wal-Mart's Motion for Summary Judgment

This request is granted as plaintiffs state no opposition.

In light of the foregoing, it is

**ORDERED** that Wal-Mart's <u>Daubert</u> motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Wal-Mart's motion *in limine* is **DENIED IN PART AND GRANTED IN PART** for the reasons expressed herein.

**SIGNED** this 15 day of October 2019, at Alexandria, Louisiana.

**JUDGE DEE D. DRELL**
**UNITED STATES DISTRICT COURT**